UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 2:13-CR-111 |
| | ) |
| KIONTAY KYARE PENNINGTON, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before me on Kiontay Pennington's pro se motion for a reduction of sentence or compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) due to the COVID-19 pandemic. [DE 719.] Pennington is a 42 year old male who is currently incarcerated at FCI Butner Medium I, with an anticipated release date of November 1, 2023. Out of 3,591 inmates at Butner FCC, only 4 inmates were reported positive for COVID-19 when the government filed its response. [DE 721 at 5.] In his motion, which was mailed on April 6, 2021, Pennington claims he requested the vaccine on several occasions but had not gotten it yet, and that he was worried about his underlying conditions of hypertension, his weight, reflux disease, and a Vitamin D deficiency. [DE 719 at 1-2.] However, in its response, the Government has provided Pennington's records which show that Pennington received his first Pfizer vaccine in prison on April 7, 2021 (the day after he mailed this motion), and by now he would be fully vaccinated. [DE 721 at 1; 723-3 at 63.] In his reply, Pennington admits that he has now received both doses of the vaccine and is fully vaccinated. [DE 726 at 1.] At the time of the

government's response, Butner FCI has fully vaccinated 860 staff members and 1802 inmates (a little over 50% of the current inmate population). [DE 721 at 7.]

Pennington was involved in a large-scale racketeering conspiracy involving the incredibly dangerous Two Six Street Gang, and he was personally involved in an attempted drug-related kidnapping involving a shooting and death. I sentenced him pursuant to a plea agreement on December 19, 2017, to 144 months imprisonment to be followed by 2 years of supervised release. [DE 580.] He has exhausted his administrative remedies. [DE 719-1.]

The First Step Act provides that the Court may reduce the term of imprisonment after considering the factors set forth in section 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction" and that such a reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). In other words, the compassionate release statute directs me to make three considerations: (1) whether a reduction is consistent with the factors listed in section 3553(a); (2) whether extraordinary and compelling reasons warrant a sentence reduction; and (3) whether a reduction would be consistent with the Sentencing Commission's policy statements. All three considerations weigh against release in this case.

The section 3553(a) factors, which are well-known by this point, include the nature and circumstances of the offense and history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, afford

adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant; and the kinds of sentences and sentencing range for the applicable category of offense committed. 18 U.S.C. § 3553(a). Pennington's crime was extremely serious and violent - he was involved in a brutal, high-profile murder while posing as a police officer. Pennington still has multiple years left in his sentence and I believe he may still pose a danger to the community.

Pennington's good behavior in prison is commendable, as is the completion of a number of self improvement classes. But this is not a basis for release. *See United States v. Washington*, No. 5:13-020-DCR, 2019 WL 6220984, at *2 (E.D. Ky. Nov. 21, 2019) (defendant's claim that he "has an ideal prison record and is the prototype of a successfully rehabilitated individual" does not present an extraordinary circumstance); *United States v. Wieber*, No. 3:14-CR-74-TBR, 2020 WL 1492907, at *2-3 (W.D. Ky. Mar. 27, 2020) (denying relief where defendant took classes in prison and collecting cases stating compassionate release cannot be based on rehabilitation alone); *United States v. Carr*, No. 02-106(JDB), 2020 WL 4192560, at *2 (D. D.C. July 21, 2020) (denying compassionate release notwithstanding defendant's completion of a "wide range of classes" and drug program).

There also are not "extraordinary and compelling reasons [that] warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Pennington is overall healthy, he is only middle aged, and the medical issues he does have are largely controlled. By far the biggest reason compassionate release is not appropriate in this case is that Pennington is

3

vaccinated. *See, e.g., United States v. Smith*, No. 17-CR-20753, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021) ("absent some shift in the scientific consensus, Defendant's vaccination against COVID-19 precludes the argument that his susceptibility to the disease is 'ordinary and compelling' for purposes of § 3582(c)(1)(A)."). In his reply, Pennington questions the effectiveness of the vaccine. [DE 726 at 1.] As explained by another court:

> Rodriguez argues that it is unclear how effective the Pfizer vaccine is, how long its effects will last, and whether it protects against the COVID variants, leaving a risk that he could still become seriously ill. Although all evidence to date is that the Pfizer vaccine is very effective, no one claims that it is 100 percent effective, and thus there remains a small risk that Rodriguez could be infected by COVID-10 and become seriously ill from that infection. But *every* prisoner runs a small risk of *lots* of serious medical conditions (including COVID-19). The small risk that Rodriguez may contract COVID-19 and become seriously ill is simply too speculative to justify his release.

*United States v. Rodriguez*, No. 15-CR-254 PJS/BRT, 2021 WL 1187149, at *2 (D. Minn. Mar. 20, 2021) (emphasis in original).

## Conclusion

For the aforementioned reasons, Kiontay Pennington's motion for a reduction of sentence or compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) due to the COVID-19 pandemic [DE 719] is DENIED. Pennington has not shown the factors under section 3553(a) warrant release or that extraordinary and compelling reasons warrant such a reduction under § 3582(c)(1)(A).

4

ENTERED: May 18, 2021.

/s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT